IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUFINO A. TONY VILLARREAL, | ) | 8:07CV399 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LORIN GALVIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on October 10, 2007. (Filing No. 1.) On December 31, 2007, Plaintiff filed an Amended Complaint. (Filing No. 12.) Also pending before the court are Defendant Susan Anderson's Motion to Vacate November 29, 2007 Memorandum and Order (filing no. 6), Motion to Substitute Document (filing no. 10), and Motion to Strike (filing no. 11). Plaintiff filed a Motion to Expedite Initial Review and Extend Time to Serve Defendants. (Filing No. 18.)

**I.   INITIAL REVIEW OF COMPLAINT**

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See*

*generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Here, the court cannot ascertain any factual basis for Plaintiff's claims, even when liberally construed.[1] Plaintiff broadly alleges that all Defendants violated Plaintiff's "due process rights" and "civil rights protections," but does not allege any specific facts sufficient to state a claim as required by the Eighth Circuit. For instance, Plaintiff states that Defendants "maliciously manipulat[ed] the Rules and Laws of the State of Nebraska," "refus[ed] to follow specific regulations," "disregarded an excessive risk to the Plaintiff's Rights." (*See, e.g.*, Filing No. 12 at CM/ECF pp. 6-9.) Such conclusory allegations, which comprise nearly all of the Amended Complaint, do not nudge Plaintiff's claims across the line from conceivable

---

[1] A pleading may be amended one time "at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a). Plaintiff filed his Amended Complaint prior to the filing of any responsive pleading by Defendants. Therefore, the Amended Complaint is the operative complaint in this matter and the court construes the Amended Complaint as superseding the original. NECivR 15.1(b).

to plausible. Plaintiff's Amended Complaint therefore fails to state a claim upon which relief may be granted.

Further, Plaintiff's Amended Complaint relates entirely to divorce proceedings conducted in a Douglas County, Nebraska state court. (Filing No. 12 at CM/ECF pp. 2-3.) This court has no desire, or authority, to get involved in what is, at its heart, a dispute over the terms of a divorce decree entered by a Nebraska state court. Indeed, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding. Appellate jurisdiction over state court decisions, even when the challenge to the state court's actions involves federal constitutional issues, lies exclusively in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. Therefore, the "*Rooker-Feldman* doctrine" bars this court from correcting a state court divorce decree, which Plaintiff ultimately may be seeking. However, because of the conclusory nature of the allegations, the court cannot ascertain whether the *Rooker-Feldman* doctrine applies here.

On the court's own motion, Plaintiff is granted 20 days in which to further amend his Amended Complaint to clearly state a claim upon which relief can be granted against Defendants. Any amended complaint shall address the issues raised by the court in this Memorandum and Order and shall be titled "Second Amended Complaint." The second amended complaint shall restate the allegations of Plaintiff's current Amended Complaint (filing no. 12), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. Failure to file a Second Amended Complaint in accordance with this Memorandum and Order will result in dismissal of this matter in its entirety.

## II.     PENDING MOTIONS

Defendant Susan Anderson ("Anderson") filed three motions, a Motion to Vacate November 29, 2007 Memorandum and Order (filing no. 6), a Motion to Substitute Document (filing no. 10), and a Motion to Strike (filing no. 11). Anderson seeks to vacate the court's previous order which permitted Plaintiff to proceed IFP in this matter. The court has reviewed the Motion and Index of Evidence, as well as Plaintiff's Response and finds that there is no good cause for vacating its previous order at this time. Anderson's Motion to Vacate is therefore denied without prejudice to reassertion. Anderson also seeks to substitute a redacted document in its Index of Evidence relating to the Motion to Vacate. (Filing No. 8.) The court finds that the redacted document should be substituted and the Motion to Substitute Document is granted.

Additionally, Anderson requests that the court strike an exhibit attached to Plaintiff's Response to the Motion to Vacate because the exhibit is "redundant, immaterial, impertinent, and [contains] scandalous matter." (Filing No. 11 at CM/ECF p. 3.) The court has reviewed the exhibit and finds that it is only marginally relevant but that it is not "scandalous." There is no basis for striking the exhibit at this time and Anderson's Motion to Strike is therefore denied.

Also pending is Plaintiff's Motion to Expedite Initial Review and Extend Time to Serve Defendants. (Filing No. 18.) Plaintiff's Motion to Expedite Initial Review is now moot as a result of this Memorandum and Order and is denied. Regarding Plaintiff's Motion to Extend Time to Serve Defendants, the court notes that summons forms will not be issued and service cannot occur until a valid complaint is filed in accordance with this Memorandum and Order. If Plaintiff complies with this Memorandum and Order, and summons forms are issued, the court will address the deadline for service at that time. The court will permit Plaintiff ample time to serve

his second amended complaint if one is filed. Plaintiff's Motion to Extend Time to Serve Defendants is denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **April 1, 2008** to file a second amended complaint which clearly states a claim upon which relief can be granted against Defendants. In the absence of Plaintiff's filing a second amended complaint in accordance with this Memorandum and Order, this case will be dismissed without further notice. Summons forms will not be issued until Plaintiff complies with this Memorandum and Order.

2. Any amended complaint shall be titled "Second Amended Complaint" and shall restate the allegations of Plaintiff's current Amended Complaint (filing no. 12), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims.

3. Defendant Susan Anderson's Motion to Vacate November 29, 2007 Memorandum and Order (filing no. 6), Motion to Substitute Document (filing no. 10), and Motion to Strike (filing no. 11) are all denied. The original Exhibit 5 in filing no. 8 is stricken.

4. Plaintiff's Motion to Expedite Initial Review and Extend Time to Serve Defendants (filing no. 18) is denied.

March 13, 2008.                    BY THE COURT:

                                    s/ Joseph F. Bataillon
                                    Chief United States District Judge