IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUFINO A. TONY VILLARREAL, | ) | 8:07CV399 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LORIN GALVIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On March 13, 2008, the court entered a Memorandum and Order allowing Plaintiff leave to file a Second Amended Complaint in order to state a claim upon which relief may be granted against Defendants. (Filing No. 19.) In its Memorandum and Order, the court explained its jurisdiction:

> Plaintiff's Amended Complaint relates entirely to divorce proceedings conducted in a Douglas County, Nebraska state court. (Filing No. 12 at CM/ECF pp. 2-3.) This court has no desire, or authority, to get involved in what is, at its heart, a dispute over the terms of a divorce decree entered by a Nebraska state court. Indeed, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding. Appellate jurisdiction over state court decisions, even when the challenge to the state court's actions involves federal constitutional issues, lies exclusively in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. Therefore, the "*Rooker-Feldman* doctrine" bars this court from correcting a state court divorce decree.

(Filing No. 19 at CM/ECF p. 3.)

Plaintiff filed his Second Amended Complaint on April 1, 2008.  (Filing No. 21.)  After reviewing the Second Amended Complaint, the court finds that it suffers from the same defects as the Amended Complaint.  Although Plaintiff attempts to characterize his claims under federal statutes or the U.S. Constitution, all of his allegations relate to the final Douglas County, Nebraska divorce decree and Plaintiff's disagreement with it.  The relief sought by Plaintiff requires this court to either reverse or modify the state court divorce decree, or to otherwise find the divorce decree void.  The court therefore lacks subject matter jurisdiction in this matter.  *See Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court") (citation omitted).

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Second Amended Complaint (filing no. 21) is dismissed without prejudice to reassertion in the proper forum.

2.     All pending motions are denied as moot.

3.     A separate judgment will be entered in accordance with this Memorandum and Order.

May 2, 2008.                           BY THE COURT:

                                       s/ Joseph F. Bataillon
                                       Chief United States District Judge